UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CHRISTIAN ROBBEN,<br><br>   Petitioner,<br><br>   v.<br><br>GEORGE JAIME, Warden,<br><br>   Respondent. | No. 2:18-cv-02545 KJM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner presently incarcerated in the California City Correctional Facility (CCCF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Respondent moves to dismiss this action for lack of jurisdiction, on the ground that petitioner's conviction and sentence are not yet final in the state courts. ECF No. 14. Petitioner opposes respondent's motion and has filed numerous additional requests for court action.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss be granted.

////

## II. Background

On September 25, 2017, petitioner was convicted in the El Dorado County Superior Court of one count of threat of force or violence, two counts of threats to a public official, two counts of threats to commit great bodily injury, and three counts of attempting to threaten a public officer. See Lodg. Doc. 1 (El Dorado County Superior Court Case No. P17CRF0114). On October 27, 2017, petitioner received a determinate state prison term of six years, four months. Id. See Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.")

On December 4, 2017, petitioner appealed his conviction to the Third District California Court of Appeal. See Lodg. Doc. 2 (Cal. Court of Appeal Case No. C086090). As of the date of these findings and recommendations, petitioner's state appeal remains pending; the last docket entry, dated April 22, 2019, indicates only that the case is fully briefed.[1]

Notwithstanding the pendency of his direct appeal, petitioner has filed numerous matters in the California appellate courts that attempt to challenge his 2017 convictions. Petitioner has filed at least three pro se post-conviction collateral challenges in the California Supreme Court. The first action (Case No. S242708), which challenged the jurisdiction of the Superior Court, was filed on June 21, 2017, and denied on July 26, 2017. Lodg. Docs. 3-4. The second action (Case No. S249765), which alleged a racketeering enterprise among staff at the Superior Court and Court of Appeal, was filed on July 2, 2018, and denied on November 14, 2018. Lodg. Docs. 5-6. The third action, a petition for writ of mandate (Case No. S249955), was filed July 12, 2018, and denied August 15, 2018.

////

////

////

---

[1] This information is taken from the Case Information website operated by the California Courts. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

2

Petitioner filed the instant federal habeas petition on September 13, 2018.[2] ECF No. 1. The petition seeks, inter alia, reversal of petitioner's convictions and his immediate release from prison. See id. at 50. Petitioner notes that he has filed his petition at this time because he has "1 year to comply with AEDPA." Id. at 22.

### III. Discussion

Under Rule 4 of the Rules Governing Section 2254 Cases, this court must summarily dismiss a petition for writ of habeas corpus filed by a state prisoner if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

It appears that petitioner has sought to file his federal habeas petition within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). However, that provision further provides that the "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id., § 2244(d)(1)(A); accord, Burton v. Stewart, 549 U.S. 147, 156-57 (2007). Therefore, under AEDPA, the statute of limitations for petitioner to file a federal habeas action does not commence until the state courts have concluded direct review of his conviction and sentence, or the time for seeking such review has expired. Id. Respondent is correct that petitioner has filed his federal habeas petition "prematurely."

An additional requirement for obtaining federal habeas review is that petitioner must first exhaust his federal claims in the state courts. See Rose v. Lundy, 455 U.S. 509 (1982). This requirement is plainly set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

---

[2] This filing date applies the prison mailbox rule, pursuant to which a document is deemed served or filed on the date it was signed by the prisoner and given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A federal petitioner satisfies the exhaustion requirement by providing the state's highest court with a "full and fair opportunity" to consider all of his federal claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The pendency of petitioner's criminal appeal in the California Court of Appeal demonstrates both that his convictions and sentence are not yet final, and that he has not exhausted his federal claims in the state courts. See Schnepp v. State of Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (petitioner's pending post-conviction proceeding in state court rendered his federal claims unexhausted, "this being a condition precedent to the granting, by a federal court, of an application by a state prisoner for a writ of habeas corpus"). "When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (fn. omitted).

Respondent also relies on the Supreme Court's holding in Younger v. Harris, 401 U.S. 37, 43 (1971), in which the Court recognized the "longstanding public policy against federal court interference with state court proceedings." The Court reversed a district court's order enjoining a state criminal prosecution on the ground that any potential injury faced by the defendant was "incidental to every criminal proceeding brought lawfully and in good faith," and thus warranted no interference by the federal courts. Id. at 49 (internal citations omitted). As summarized by the Ninth Circuit, "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."

Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citations and internal quotation and punctuation marks omitted). Each of the Younger factors is met in the instant case: (1) petitioner's criminal appeal is currently pending in the California Court of Appeal; (2) that proceeding implicates important state interests in California's enforcement of its criminal laws; (3) petitioner's state appeal provides an adequate opportunity to raise federal constitutional challenges; and (4) granting petitioner the relief he seeks pursuant to the instant action – reversal of his convictions and release from prison – would have the practical effect of enjoining state court proceedings.

For these several reasons, the court finds that federal habeas review is not available to petitioner at the present time. Accordingly, the undersigned will recommend the dismissal of this action without prejudice for lack of jurisdiction.

Petitioner's motion to strike respondent's motion to dismiss, ECF No. 17, will be denied on the merits. Further, in light of this court's recommendation that this action be dismissed for lack of jurisdiction, petitioner's numerous miscellaneous motions – ECF Nos. 12, 17, 18, 25, 26, & 28 – will be denied without discussion as moot and without prejudice.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to strike respondent's motion to dismiss, ECF No. 17, is denied; and

2. Petitioner's other pending motions – ECF Nos. 12, 17, 18, 25, 26, & 28 – are denied without prejudice.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss this action for lack of jurisdiction, ECF No. 14, be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE