UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CHRISTIAN ROBBEN,<br><br>Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden,<br><br>Respondent. | No. 2:18-cv-2545 KJM AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 6, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. On June 28, 2019, petitioner timely[1] filed objections to the findings and recommendations. ECF No. 38. He filed supplements to those objections on July 1, 2019 and July 26, 2019. ECF Nos. 39, 40. He has also filed a request for entry of default against respondent, ECF No. 35, and a motion to disqualify both the undersigned and the assigned magistrate judge. ECF No. 36.

---

[1] The court infers that petitioner delivered his objections to prison officials for mailing on or about June 24, 2019, *see* ECF No. 38 at 14, making them timely filed under the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

On July 31, 2019, this court issued an order directing respondent to respond to petitioner's request to proceed with this action on the ground of alleged undue delay in the state court system and granting petitioner an opportunity to reply to respondent's response. ECF No. 41. Respondent filed the required response on August 13, 2019. ECF No. 42. Petitioner filed a reply on August 22, 2019, ECF No. 43, supplements on August 29, 2019 and September 23, 2019, and a motion to expedite, which includes a second motion for recusal of the undersigned, on October 18, 2019. ECF No. 46.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis, as explained below.

In his objections, petitioner requests release on bail or his own recognizance pending disposition of this petition. ECF No. 38 at 1. Petitioner's request is without merit and, in any event, is mooted by this order dismissing the petition. As noted above, petitioner also requests that the court proceed with this action in spite of the pendency of his direct appeal in state court on the ground of alleged undue delay in the state court system. Respondent's response to this court's July 31, 2019 order demonstrates that petitioner's state court appeal has not been unduly delayed, nor has it been delayed for reasons that would permit this court to exercise jurisdiction over the petition during the pendency of his state court appeal. *Cf. Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998) (citing *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir. 1995)). Petitioner's appeal has been pending in state court for less than two years, briefing on the appeal has been completed for just over six months, *see* ECF No. 42 at 2 and evidence cited therein, and the state court of appeal deemed the appeal submitted without oral argument on September 24, 2019. *See The People v. Robben*, Case No. C086090.[2] There is no evidence of undue delay in the disposition of petitioner's appeal.

---

[2] "[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Petitioner also requests appointment of counsel. ECF No. 38 at 1. There is no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel to represent petitioner in this action, which must be dismissed without prejudice for the reasons explained in the magistrate judge's findings and recommendations.

Petitioner moves to disqualify both the undersigned and the assigned magistrate judge, asserting that "[t]his case has been delayed for way too long." ECF No. 36; *see also* ECF No. 46. This assertion is without merit. This action was filed September 17, 2018 and will, by entry of this order, be resolved just slightly over one year after it was filed. Petitioner's motions will be denied.

Under Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth in the Magistrate Judge's findings and recommendations, the court finds that issuance of a certificate of appealability is not warranted in this case.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to disqualify the magistrate judge and the undersigned district judge assigned to this case, ECF Nos. 36 and 46, are denied;
2. Petitioner's motion to expedite, ECF No. 46, is denied as moot;
3. Petitioner's request for release on bail or his own recognizance, ECF No. 38, is denied;
4. Petitioner's request for appointment of counsel, ECF No. 38, is denied;
5. The findings and recommendations filed June 6, 2019, ECF No. 32, are adopted in full;
6. Respondent's motion to dismiss this action for lack of jurisdiction, ECF No. 14, is granted;
7. This action is dismissed without prejudice; and
8. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: November 19, 2019.

_____
UNITED STATES DISTRICT JUDGE