1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TODD CHRISTIAN ROBBEN,                    No.  2:18-cv-2545 KJM AC P

12                 Petitioner,

13        v.                                   ORDER

14   GEORGE JAIME,

15                 Respondent.

16

17          By order filed November 20, 2019, the court dismissed this action, ECF No. 47, and

18   judgment was entered the same day, ECF No. 48.  On January 22, 2020, petitioner filed a motion

19   for reconsideration invoking Federal Rule of Civil Procedure 60(b).[1]  ECF No. 53.

20          "Rule 60(b) enumerates specific circumstances in which a party may be relieved of the

21   effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like.  The Rule

22   concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a

23   judgment for 'any other reason that justifies relief.'"  *Buck v. Davis*, 137 S. Ct. 759, 771-72

24   (2017) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration

25   state "what new or different facts or circumstances are claimed to exist which did not exist or

26   /////

27

28   [1]  Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox
     rule.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

                                              1

1    were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why

2    the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

3           In his motion, petitioner asserts the court should reconsider the dismissal of his petition

4    because it made a mistake when it found his state court appeal had not yet been decided and the

5    petition in this case was premature. ECF No. 53. He argues the state court of appeal issued its

6    decision in his case on November 18, 2019, the day before this court signed the order dismissing

7    this case. *Id.* at 1. He further asserts his claims were exhausted in the California Supreme Court.

8    *Id.*

9           The court dismissed the petition in this case because petitioner's conviction was not yet

10   final. ECF Nos. 32, 47. The state appellate court's issuance of its decision on petitioner's direct

11   appeal two days before this court dismissed the petition did not change that fact, because a direct

12   appeal is not final until the conclusion of direct review or the time for seeking such review

13   expires. Under California law, if a defendant does not appeal the appellate court's decision on

14   direct appeal, judgment becomes final forty days after the appellate court affirms the judgment.

15   Cal. R. Ct. 8.366(b)(1) (court of appeal decision in criminal appeal is final in that court thirty days

16   after filing); Cal. R. Ct. 8.500(e)(1) (petition for review must be filed within ten days of court of

17   appeal decision becoming final in that court). Accordingly, even if the appellate court issued its

18   decision on November 18, 2019, petitioner's conviction was still not final at the time the court

19   dismissed the petition here. In addition to the fact that it was not error to adopt the findings and

20   recommendations, there is no "other reason that justifies relief," *Buck v. Davis,* 137 S. Ct. at 771-

21   72, because petitioner's action was dismissed without prejudice. In other words, the previous

22   order is not a bar to petitioner's filing a future petition if he is able to do so in compliance with

23   the applicable law.

24          Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration,

25   ECF No. 53, is denied.

26   DATED: April 1, 2021.

27   _____

     CHIEF UNITED STATES DISTRICT JUDGE

28

2